# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1-:19-cv-00090-MR

| | |
|---|---|
| SHANNON KAY CHESTERFIELD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ANDREW SAUL, Commissioner )<br>of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand [Doc. 10], the Plaintiff's Motion for Summary Judgment [Doc. 12] ,and the Commissioner's Motion for Summary Judgment [Doc. 14].

## I.     BACKGROUND

On February 3, 2012, Shannon Chesterfield (the "Plaintiff") applied for disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of July 1, 1999.  [Transcript ("T") at 241-44].   On the same date, the Plaintiff also applied for supplemental security income payments under Title XVI of the Act, again alleging an onset date of July 1, 1999.  [Id. at 245-55].  The Plaintiff subsequently amended

her alleged onset date to October 13, 2010, and an Administrative Law Judge ("ALJ") dismissed her claims on December 20, 2013. [Id. at 19-35].

On May 3, 2016, this Court reversed and remanded that decision. [Id. at 1131]. At the Plaintiff's request, a hearing was held on October 21, 2016 before an ALJ. [Id. at 1077-91]. On January 12, 2017, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since her alleged onset date of October 13, 2010. [Id. at 1051-76]. On January 23, 2019, the Appeals Council denied the Plaintiff's request to review the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 863-67]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards

2

and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the ALJ's duty to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the

correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III.    THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015).  "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps."  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted).  The burden is on the claimant to make the requisite showing at the first four steps.  Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity.  If so, the claimant's application is denied

regardless of the medical condition, age, education, or work experience of the claimant. <u>Id.</u> (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. <u>Id.</u>

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. <u>Id.</u> If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling ("SSR") 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; <u>Mascio</u>, 780 F.3d at 634. If the claimant can still perform his or her

past work, then the claimant is not disabled.  Id.  Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner.  At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy.  Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006).  "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations."  20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635.  If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied.  Id.  Otherwise, the claimant is entitled to benefits.

## IV.	THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date, October 13, 2010. [T. at 1056].  At step two, the ALJ found that the Plaintiff has the following severe impairments: degenerative disc disease, bursitis of the hip, affective disorder, anxiety-related disorder, and personality disorder.  [Id.].  At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings.  [Id.

at 1057-59].  The ALJ then determined that the Plaintiff, notwithstanding her

impairments, has the RFC:

> to perform light work as defined in 20 CFR
> 416.967(b) except the claimant should work with
> things rather than people and should work in a low
> stress, low production environment.  She is able to
> work with coworkers and supervisors on an
> occasional basis.

[Id. at 1059].

At step four, the ALJ found that the Plaintiff has no past relevant work.

[Id. at 1068].  At step five, the ALJ concluded that the Plaintiff is capable of

performing other jobs that exist in significant numbers in the national

economy.  [Id.].  The ALJ, therefore, concluded that the Plaintiff was not

"disabled" as defined by the Act from February 3, 2012, the date the

application was filed, through January 12, 2017, the date of the decision.  [Id.

at 1069].

## V.    DISCUSSION[1]

### A.    Cross-Motions for Summary Judgment

The Plaintiff argues that the ALJ erred by failing to properly assess the

Plaintiff's vocational limitations as required by Mascio v Colvin, 780 F.3d 632

(4th Cir. 2015), and subsequent case law.  [Doc. 13 at 17-19].  Specifically,

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated
the relevant facts into its legal analysis.

the Plaintiff argues that the ALJ failed to account for the Plaintiff's moderate difficulties with concentration, persistence or pace in the RFC. [Id.].

At step three, the ALJ found that the Plaintiff's mental condition causes her to have moderate limitations win concentrating, persisting, or maintaining pace. [T. at 1058]. The ALJ also found that the Plaintiff has moderate limitations in performing activities of daily living and moderate limitations in social functioning. [Id. at 1057]. The ALJ determined that the Plaintiff's RFC limited her to working "with things rather than people" while in a "low stress, low production environment" where she only works "with coworkers and supervisors on an occasional basis." [Id. at 1059]. Those were the only limitations that the ALJ included in the Plaintiff's RFC. [Id.].

The Fourth Circuit has held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" Mascio, 780 F.3d at 638 (quoting Winschel v. Comm'r, 631 F.3d 1176, 1180 (11th Cir. 2011)). In addition, "[t]his Court has previously concluded that an RFC limited to simple, routine tasks or unskilled work in a low stress or non-production environment, without more, also fails to adequately account for moderate limitations in concentration, persistence, and pace." Davis v. Saul, No. 3:18-CV-00367-MR, 2019 WL 4233553, at *3 (W.D.N.C. Sept. 5, 2019)

(Reidinger, J.) (citing <u>Williams v. Berryhill</u>, No. 1:16-CV-00064-MR, 2017 WL 927256, at *6 (W.D.N.C. Mar. 8, 2017) (Reidinger, J.)).

Here, the ALJ limited the Plaintiff to working "with things rather than people" while in a "low stress, low production environment" where she only works "with coworkers and supervisors on an occasional basis." [Id. at 1059]. The limitations contained in the ALJ's decision, however, fail to account for the Plaintiff's moderate limitations in concentration, persistence, and pace. <u>See</u> <u>Davis</u>, 2019 WL 4233553, at *3 (finding that restricting a plaintiff to a "low stress or non-production environment . . . fails to adequately account for moderate limitations in concentration, persistence, and pace."). Simply recounting the findings regarding the moderate limitations is insufficient to explain how the ALJ reached his conclusions. A remand is necessary under these circumstances so the ALJ can further consider and explain the impact of the Plaintiff's mental limitations on the Plaintiff's ability to engage in sustained work activity.

## B. Plaintiff's Motion to Remand

In addition to her Motion for Summary Judgment [Doc. 12], the Plaintiff also filed a separate Motion to Remand, arguing that her case must be remanded based on the Supreme Court's reasoning in <u>Lucia v. SEC</u>, 138 S. Ct. 2044, 201 L.Ed.2d 464 (2018). [Doc. 10]. Because the Court has

determined that a remand is necessary on the grounds argued in the Plaintiff's Motion for Summary Judgment [Doc.12], the Court need not address the assignment of error contained in the Plaintiff's Motion to Remand.

## VI.  CONCLUSION

Because this Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling.  <u>See</u> <u>Radford</u>, 734 F.3d at 295.  In assessing the Plaintiff's limitations on remand, the ALJ should explain how the Plaintiff's RFC accounts for any of the Plaintiff's moderate limitations in concentration, persistence, and pace.  <u>See</u> <u>Davis</u>, 2019 WL 4233553, at *3.

## <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 12] is **GRANTED**, the Commissioner's Motion for Summary Judgment [Doc. 14] is **DENIED**, and the Plaintiff's Motion for Remand [Doc. 10] is **DENIED** as moot.  Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for

further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: January 14, 2020

Martin Reidinger
United States District Judge